UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

In re:                                     )
                                           )
**ROBERT PLICHTA and**                     )    Case No. 09-75229
**DONNA PLICHTA,**                         )
                                           )
            Debtors.                       )

## NOTICE OF HEARING ON MOTION TO DISMISS

   The U.S. Trustee has filed a motion for an order dismissing the above case pursuant to 11 U.S.C. §§ 707(b)(1) and 707(b)(3). A copy of the motion can be obtained from the U.S. Bankruptcy Court for the Northern District of Illinois, Western Division, 211 South Court Street, Rockford, IL.

   **Your rights may be affected. You should read the motion papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

   If you do not want the court to enter an order granting the relief requested, or if you want the court to consider your views on the motion, then you or your attorney must:

   Attend the hearing scheduled for **Wednesday, June 16, 2010 at 9:30 a.m.** or as soon thereafter as counsel may be heard at the U.S. Bankruptcy Court for the Northern District of Illinois, Federal Building, Courtroom 115, 211 South Court Street, Rockford, IL 61101.

   If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Dated: May 26, 2010                            Respectfully submitted,

                                               WILLIAM T. NEARY
                                               United States Trustee

Office of the U.S. Trustee
780 Regent Street, Suite 304        By:     */s/ Carole J. Ryczek*
Madison, WI 53715                           CAROLE J. RYCZEK
(608) 264-5522, ext. 13                     Attorney for the United States Trustee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

In re:                                          )
                                                )
**ROBERT PLICHTA and**              )   Case No. 09-75229
**DONNA PLICHTA,**                  )
                                                )
        Debtors.                 )

**MOTION OF THE UNITED STATES TRUSTEE
TO DISMISS PURSUANT TO 11 U.S.C. §§ 707(b)(1) and 707(b)(3)**

     WILLIAM T. NEARY, the United States Trustee for the Northern District of Illinois ("the U.S. Trustee"), by his attorney, Carole J. Ryczek, hereby moves to dismiss this case pursuant to 11 U.S.C. §§ 707(b)(1) and 707(b)(3). In support of this motion, the U.S. Trustee states as follows:

     1.    This is a core proceeding concerning the administration of this estate pursuant to 28 U.S.C. § 157(b)(2)(A). This motion is filed pursuant to 11 U.S.C. §§ 707(b)(1) and 707(b)(3).

     2.    On November 24, 2009, the debtors in this case, Robert Plichta and Donna Plichta, ("the Debtors"), filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. James Stevens was appointed as the Chapter 7 trustee.

     3.    The Debtors' Schedules D, E and F indicate that their obligations are primarily consumer debts.

     4.    The Debtors' schedules show that they have $1,013,752 in secured debt, no priority debt, and $121,091 in unsecured debt.

     5.    Mr. Stevens concluded the § 341 meeting of creditors on December 29, 2009, and filed a no-asset report on December 30, 2009.

6.      Pursuant to 11 U.S.C. § 704(b)(1)(A), the U.S. Trustee reviewed the materials the Debtors filed, as well as additional materials the Debtors provided to the U.S. Trustee upon the U.S. Trustee's request.

7.      Included as secured debt on the Debtors' Form B22A were monthly payments in the total amount of $8,245 (which includes delinquencies) for the Debtors' first and second mortgages and taxes on their residence. At the time the Debtors filed this case, the Debtors indicated their intent to retain their residence. Because the Debtors' secured debt consumed all of their disposable income on Form B22A, the U.S. Trustee determined that a motion to dismiss pursuant to 11 U.S.C. § 707(b)(2) was not warranted in this case.

8.      Although the U.S. Trustee chose not to proceed under 11 U.S.C. § 707(b)(2), the U.S. Trustee urges this Court to dismiss this case pursuant to 11 U.S.C. § 707(b)(3). Section 707(b)(3) provides that, in considering whether the granting of relief would be an abuse of Chapter 7 in a case in which the presumption of abuse does not arise or is rebutted, the Court is to consider whether the totality of the circumstances of a debtor's financial situation demonstrates abuse of the provisions of Chapter 7. For the reasons detailed below, the U.S. Trustee believes that the totality of the Debtors' financial circumstances demonstrates such abuse.

9.      As this Court has observed, there are several factors the Court should consider in addressing a motion to dismiss pursuant to 11 U.S.C. § 707(b)(3)(b). *In re Deutscher*, 419 B.R. 42, 45 (Bankr. N.D. Ill. 2009):

> Under the totality of the circumstances test, "a debtor's ability to pay may be the most relevant factor, but the Court must also consider: (1) whether the bankruptcy petition was filed because of sudden illness, calamity, disability or unemployment; (2) whether the debtor incurred cash advances and made consumer purchases far in excess of his ability to pay; (3) whether the debtor's proposed family budget is excessive or unreasonable; and (4) whether the debtor's schedules and statements of current income and expenses reasonably and accurately reflect the true financial condition." *In re Cutler*, 2009 WL 2044378 at *9 (Bankr. S.D. Ind., July 9, 2009).

Application of these factors to the circumstances of this case demonstrates that the Court should dismiss this case pursuant to Section 707(b)(3)(B).

10.     First, there is no indication that the Debtors filed this case due to sudden illness, calamity, disability, or unemployment. Although Robert Plichta was unemployed for about seven months during 2009, he secured a new job, with a salary of over $121,000 per year, three months before the Debtors filed bankruptcy. According to the Debtors' statement of financial affairs, Donna Plichta has been receiving social security disability payments since at least 2007. The Debtors' statement of financial affairs shows that in 2007, their gross income was $181,739; in 2008, it was $109,255. Currently, the Debtors' combined incomes total $131,230 per year, which is approximately 116 percent more than the median Illinois income for a household of two, which was $60,052 when the Debtors filed this case (and is now $59,838).

11.     Second, the Debtors incurred consumer debts far in excess of their ability to pay. According to the Debtors' Schedule A, their home is worth $600,000 and is subject to mortgages totaling $976,988.[1] The Debtors' monthly payments on this property, including two mortgages, real property taxes, and insurance, are $7,076.76. Despite owing over 50 percent more for the property than it is worth, the Debtors have indicated that they intend to keep it. Although this Court has stated that "a desire to reaffirm secured debt is not in itself abuse," the Court has also noted that purchases that cause debtors to become insolvent generally give rise to a determination of abuse, regardless of the amount of time that elapses between the purchase and the bankruptcy filing. *Deutscher*, 419 B.R. at 46.

12.     The Debtors also purchased a 2008 Ford F350, for which their monthly payments

---

[1] The Debtors reported that their homestead consists of their primary residence and a two-bedroom guesthouse, which Robert Plichta uses as a workshop for his architectural designs.

are $642. In addition to this truck, the Debtors, who have no dependents, have two other vehicles: a 2000 Ford Expedition, a 1996 Buick LeSabre, and a 2008 Ford F350. The Debtors own the Expedition and the LeSabre free and clear. Even though the Debtors have two other vehicles available for their use, they have indicated that they plan to keep the Ford F350.

13. At the time the Debtors filed this case, they were in the process of doing extensive renovations to their home. Robert Plichta reported that the following renovations still needed to be completed: the master bathroom at an estimated cost of $10,000; the master bedroom at an estimated cost of $5,000; and the master closet at an estimated cost of $1,000, for total cost of $16,000.

14. Even though the Debtors' Schedule J does not include the $789 monthly payment they must make on their second mortgage, the Debtors showed a $1,332.49 monthly shortfall on Schedule J. Including the payment on the second mortgage, the Debtors' monthly expenses actually exceed their monthly net income by $2,121.49.

15. Third, the Debtors' monthly budget is excessive and unreasonable. In addition to spending $7,076.76 per month for house payments – approximately 65 percent of the Debtors' gross income – the Debtors' Schedule J shows that they spend $575 per month for food, $615 per month for electricity and heating fuel, $141 for cell phone service, and $191.56 for telephone service. The Debtors' budget is simply excessive and unreasonable – a factor this Court may consider in deciding to dismiss this case pursuant to Section 707(b)(3). *Deutscher*, 419 B.R. at 45; *In re Kreiling*, __ B.R. __, 2010 WL 1707501 at *6 (Bankr. D. Wyo., April 26, 2010) ("The Debtors' budget is excessive, as they are paying more to secured creditors for a house and vehicle than they can afford . . ..").

-4-

16.  Fourth, there is good reason to question the accuracy of the information on the Debtors' schedules. Although the Debtors claim that Robert Plichta uses the guest house on their property to draft architectural plans, the Debtors answered "none" to questions 28 (office equipment, furnishings, and supplies) and 29 (machinery, fixtures, equipment, and supplies used in a business) of Schedule B. Furthermore, although the Debtors' 2008 income tax return shows that Donna Plichta grossed $27,622 from a "biotechnology" business during 2008, the Debtors only reported her social security disability income on their statement of financial affairs.

17.  Fifth, as this Court noted in *Deutscher*, the Debtors' ability to repay their creditors "may be the most relevant factor" in the Section 707(b)(3) analysis. Here, the Debtors have the ability to repay their creditors. Their income is more than twice the median income of an Illinois household of two. As mentioned above, the Debtors' home requires thousands of dollars' of work to complete renovations on it, yet the Debtors have decided to keep the home. The Debtors must believe that they can afford to pay for this work. For the Debtors to choose to devote their financial resources to improve their home while paying nothing to their unsecured creditors demonstrates that the Debtors are abusing the provisions of Chapter 7. *In re Manske*, 315 B.R. 838, 844 (Bankr. E.D. Wis. 2004) ("By their actions, the debtors . . . have placed their personal desires ahead of and to the detriment of their creditors.").

18.  Furthermore, the Debtors have chosen to keep their Ford F350, even though they have two other vehicles they could use. If the Debtors surrendered this truck, they could devote the $642 that they pay each month for the F350 toward payments to their unsecured creditors.

19.  Finally, one of the mortgagees of the Debtors' home has obtained relief from the automatic stay. Should the Debtors no longer have house payments in excess of $7,000 per month, they will be even better able to repay some of their unsecured creditors.

For the reasons set forth above, the U.S. Trustee asks that this Court dismiss this case pursuant to 11 U.S.C. §§ 707(b)(1) and 707(b)(3), and grant any further relief as this Court deems just.

Dated:  May 26, 2010               Respectfully submitted,

                                   WILLIAM T. NEARY
                                   United States Trustee

                            By:    */s/ Carole J. Ryczek*
                                   CAROLE J. RYCZEK
                                   Attorney for the United States Trustee

Office of the U.S. Trustee
780 Regent Street
Suite 304
Madison, WI 53715
(608) 264-5522, ext. 13

## CERTIFICATE OF MAILING

The undersigned hereby certifies that the attached Notice and Motion to Dismiss were served via electronic mail by the Clerk's Office on: Trustee James Stevens and Attorney Douglas Worrell, and by first class mail on May 26, 2010 to:

Robert and Donna Plichta
750 Plum Tree Road
Barrington Hills, IL 60010

                                   */s/ Maureen F. Gaber*
                                   Maureen F. Gaber
                                   Paralegal Specialist